## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| EAGLE BEAR, INC. and WILLIAM BROOKE,<br><br>                Plaintiffs,<br><br>    vs.<br><br>THE BLACKFEET INDIAN NATION and THE BLACKFEET TRIBAL COURT,<br><br>             Defendants. | **CV-22-93-GF-BMM**<br><br><br><br><br>**ORDER** |

## INTRODUCTION

Independence Bank has filed a Motion to Intervene as a matter of right in this action pursuant to Federal Rule of Civil Procedure 24(a) or, in the alternative, to intervene at the Court's discretion pursuant to Rule 24(b). (Doc. 11.) Plaintiff Eagle Bear ("Eagle Bear") and the Bureau of Indian Affairs ("BIA") do not oppose the motion. (Doc. 11.) Defendant Blackfeet Nation ("Blackfeet Nation") opposes this motion. (Doc. 22.)

## BACKGROUND

The dispute centers upon a lease agreement between Eagle Bear and the Blackfeet Nation. The Parties entered into that lease agreement on April 9, 1997.

1

*Eagle Bear v. Blackfeet Indian Nation*, 4:21-cv-88-BMM (Doc. 1-2.) The lease provided Eagle Bear 53.6 acres to operate a KOA campground within the exterior boundaries of the Blackfeet Nation's tribal land. *Id.* (Doc. 1-2 at 2.)

The Blackfeet Nation discovered information during the course of BIA proceedings that caused it to believe that the BIA had cancelled the lease. *See id.* (Doc. 1-15 at 1.) The Blackfeet Nation, under the belief that the lease had been terminated, filed suit in Blackfeet Tribal Court against Eagle Bear. *Id.* (Doc. 1-3.)

Eagle Bear then brought this action in August 2022. Eagle Bear sought a preliminary injunction to enjoin the Blackfeet Nation from pursuing its claims to profits and to enjoin the Blackfeet Tribal Court from considering or resolving those claims. *Id.* (Doc. 4.) The Court denied Eagle Bear's Motion for a Preliminary Injunction in November 2022. *Id.* (Doc. 27.) The Court denied Eagle Bear's motion because the record before the Court indicated that the lease agreement between Eagle Bear and the Blackfeet Nation had been cancelled. *Id.* (Doc. 27 at 9-13.) The Court noted, however, that the record before it appeared incomplete and that the Parties were expected to continue developing the record before the Court would reach a final decision. *Id.* (Doc. 27 at 3-4.)

The Blackfeet Nation filed a Motion to Dismiss Plaintiff's Complaint on September 17, 2021. *Id.* (Doc. 21.) The Court held a hearing on the motion on

2

January 19, 2022. *Id.* (Doc. 16.) The Court postponed ruling on the Blackfeet

Nation's Motion to Dismiss to ensure full development of the record. *See id.* (Doc.

47); (Doc. 53.) The Parties have continued to supplement and clarify the record

throughout 2022.

Eagle Bear then sought a second preliminary injunction on May 6, 2022. *Id.*

(Doc. 50.) The Court scheduled a hearing on that motion for May 24, 2022. *Id.*

(Doc. 52.) Eagle Bear filed for Chapter 11 bankruptcy in the U.S. Bankruptcy Court

for the District of Montana ("Bankruptcy Court") the day before that hearing. *Id.*

(Doc. 55.) The Court vacated the preliminary injunction hearing at Eagle Bear's

request. *Id.* (Doc. 58.) Independence Bank entered the bankruptcy proceeding when

the Bankruptcy Court granted its Motion to Intervene. (Doc. 12 at 7.) The

Bankruptcy Court granted that Motion in September 2022. (*Id.*)

The Blackfeet Nation then moved to withdraw the reference to the Bankruptcy

Court as it relates to the resolution of the 2008 lease cancellation in July 2022. *Eagle*

*Bear v. Blackfeet Indian Nation*, 4:21-cv-88-BMM (Doc. 72-2.) The Court granted

the Motion in September 2022. *Id.* (Doc. 87.) The Court held a status conference

with the parties and Independence Bank in October 2022. (Doc. 9.)

**DISCUSSION**

3

Independence Bank asserts that it provided Eagle Bear a loan secured by Eagle Bear's leased land within the Blackfeet Nation. (Doc. 12-1.) Independence Bank claims that the BIA approved this mortgage, making Independence Bank an approved encumbrancer under the terms of the lease. (*Id.* at 5.) The lease also included a requirement that the BIA or the Blackfeet Nation provide any encumbrancer with notice within thirty days of any termination of the lease for default. (*Id.* at 4.) Independence Bank alleges that the BIA and the Blackfeet Nation failed to provide this required notice in relation to the alleged 2008 lease termination. (*Id.*) Independence Bank, claiming ignorance of any genuine dispute regarding the cancellation of the lease, issued additional loans to Eagle Bear between 2013 and 2021 for capital improvements on the leased land. (*Id.*)

Independence Bank contends that the Court should grant its Motion to Intervene as a matter of right because it timely seeks to protect its independent financial interests in the lease at issue in this case. (Doc. 12 at 6-7.) Independence Bank argues that litigation of this action in the Bank's absence would impair its ability to protect these interests in part because none of the current parties to the litigation can provide adequate representation of these interests. (*Id.* at 9-10.)

The Blackfeet Nation does not contest that Independence Bank has a significant interest in the lease at issue in this case. The Blackfeet Nation instead

asserts that the Independence Bank fails to meet the remaining three elements necessary for intervention as a matter of right. (Doc. 18.) The Blackfeet Nation argues that Independence Bank did not seek timely intervention; that Independence Bank has not shown that Eagle Bear would provide inadequate representation of its interests; and that this action will not impair Independence Bank's ability to protect its financial interests. (Doc. 18 at 4, 7, 10.)

Intervention as of right under Rule 24(a) proves appropriate when the party seeking to intervene demonstrates the following: 1) the application is timely; 2) the applicant has a significant protectable interest relating to the subject of the action; 3) the applicant's ability to protect its interest may be impaired or impeded by the disposition of the action; and 4) the existing parties may not adequately represent the applicant's interest. Fed. R. Civ. P. 24(a); *see Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). In evaluating these factors, "[c]ourts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

"While an applicant seeking to intervene has the burden to show that these four elements are met, the requirements are broadly interpreted in favor of

5

intervention." *Citizens for Balanced Use* 647 F.3d at 897. The review of an application to intervene "is guided primarily by practical considerations, not technical distinctions." *Id.* The practical considerations of this case indicate that intervention as a matter of right proves appropriate.

## I.      Independence Bank's Motion is timely.

The Court considers the totality of the circumstances when evaluating timeliness but focuses on three factors: 1) the stage of the proceeding at which a movant seeks to intervene; 2) the prejudice to the other parties; and 3) the reason for and length of the delay. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (citing *County of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986)). The crucial factor for assessing the timeliness of a motion to intervene, however, remains the identification of "when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties." *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Independence Bank seeks to intervene approximately one year into this litigation. Several delays have slowed the progression of this action. These delays include, among others, disposition of Eagle Bear's first Motion for a Preliminary injunction (*Eagle Bear v. Blackfeet Indian Nation*, 4:21-cv-88-BMM, (Doc. 27)); the delay the Court found necessary for the parties to supplement the record (*Id.*

6

(Doc. 47); (Doc. 53)); and Eagle Bear's filing for Chapter 11 bankruptcy (*Id.* (Doc. 55)). The Court has only recently withdrawn reference of the lease issue from the Bankruptcy Court. *Id.* (Doc. 87.) The Court determines that the stage of this action does not weigh against Independence Bank's Motion.

The prejudice to the parties appears minimal. Independence Bank points out that it already has intervened in the Bankruptcy Court proceeding. (Doc. 12 at 7.) Independence Bank already has participated in depositions without objection from the Blackfeet Nation. (*See* Doc. 9.) Independence Bank claims that it seeks only one additional deposition. (Doc. 11.) This factor does not weigh against the Motion.

Independence Bank sufficiently has set forth the reasons for its delay, including that it remained unaware of the extent of litigation regarding the lease and that its rights under the lease had not been addressed until the record developed in the Bankruptcy Court proceeding. (Doc. 12 at 7.) This assertion differs from the Blackfeet Nation's factual disputes regarding notice of the lease cancellation. (Doc. 18 at 22.) The test for timeliness involves evaluating a prospective intervenor's knowledge regarding the existence and nature of the litigation rather than any knowledge that might be at issue in the substance of the case. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) The Court relatedly determines that the "crucial" timeliness factor, when Independence Bank became aware that the parties

would not adequately represent its interests, weighs in favor of the Motion's timeliness. *Id.* Only after the bankruptcy proceeding had progressed did Independence Bank learn that no existing party had addressed the Bank's own asserted rights under the lease. The totality of the circumstances demonstrate that Independence Bank timely has moved to intervene. *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016).

## II.     Its absence from the action would impair Independence Bank's ability to protect its financial interests.

Prospective intervenors need only establish that the disposition of an action may "impair or impede the ability to protect their interests." Fed. R. Civ. P. 24(a)(2). The guidance to Civil Rule 24 also directs that "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (quoting Fed. R. Civ. P. 24 advisory committee's notes)).

The Blackfeet Nation argues that Eagle Bear has secured its loan from Independence Bank with assets whose values exceed the loan value. (Doc. 14-15.) The Blackfeet Nation contends that Independence Bank's ability to protect its

8

interest would remain unimpaired due to this overcollateralization. (*Id.*) The Court disagrees.

Independence Bank has a financial interest in the lease and alleged its own rights under the terms of the lease. (*See* Doc. 12 at 5.) These interests and rights exist regardless of the value of the collateral securing the loans that Independence Bank has issued. A determination that the BIA or the Blackfeet Nation had cancelled the lease would "practically" affect Independence Bank's interests and rights because those interests and rights would be extinguished. Fed. R. Civ. P. 24 advisory committee's notes.

### III.    Eagle Bear and the Blackfeet Nation would represent Independence Bank's interests inadequately.

"When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 823 (9th Cir. 2001) (citation omitted). Independence Bank "bears the burden of demonstrating that the existing parties may not adequately represent its interest." *Id.* This burden proves minimal: Independence Bank need only demonstrate that representation of its interests "may be" inadequate. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972)).

This Court considers the following factors when evaluating the adequacy of representation: 1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; 2) whether the present party is capable and willing to make such arguments; and 3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect. *Berg* 268 F.3d at 823 (quoting *Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996).

The Blackfeet Nation contends that Eagle Bear capably will make all of Independence Bank's arguments, given the size of Eagle Bear's litigation team. (Doc. 18 at 13.) The Blackfeet Nation also contends that, given the similarities between Independence Bank's and Eagle Bear's complaints, Independence Bank would bring nothing to the litigation that the existing parties would overlook. (*Id.* at 13-14.)

Independence Bank already has identified an element the existing parties have failed to address. (Doc. 12 at 5.) Independence Bank has asserted that no party has raised the issue of its rights and interests as an approved encumbrancer under the lease. (*Id.*) As the Bankruptcy Court determined, "[n]o indication exists that the parties have made or are willing to make [Independence Bank's] arguments surrounding its rights as an encumbrancer on the Lease." *Eagle Bear v. Blackfeet*

*Indian Nation*, Adv. No. 22-04001-BPH (Doc. 42.) Independence Bank here asserts

that neither the Blackfeet Nation nor the BIA presented it with the notice of default

required under the lease. The existing parties have not addressed this argument. The

Court determines that Independence Bank has met its minimal burden of

demonstrating that the existing parties will not represent its interests adequately.

The Court will grant Independence Bank's Motion to intervene for the

foregoing reasons.

### ORDER

Accordingly, **IT IS HEREBY ORDERED** Independence Bank's Motion to

Intervene (Doc. 11) is **GRANTED**.

DATED this 1st day of December, 2022.


_____
Brian Morris, Chief District Judge
United States District Court