IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| EAGLE BEAR, INC., | CV-22-93-GF-BMM |
| Plaintiff, | |
| vs. | ORDER |
| THE BLACKFEET INDIAN NATION, BUREAU OF INDIAN AFFAIRS, | |
| Defendants. | |

## INTRODUCTION

Plaintiff Eagle Bear, Inc. ("Eagle Bear") provides the Court notice of recently obtained documents pursuant to Local Rule 7.4. (Doc. 91-1 through 91-4, Exhibits 1 through 4.) Eagle Bear requests that the Court grant Eagle Bear leave to conduct additional discovery pursuant to Fed. R. Civ. P 56(d) and to file

1

supplemental briefing. (Doc. 92.) Eagle Bear requests also that the Court defer ruling on pending motions for summary judgment in light of the recently obtained documents. (*Id.*) For the reasons set forth below, the Court deems it appropriate to grant Eagle Bear's Motion. *See* (*Id.*)

## STANDARD OF REVIEW

This Court is "invested with inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) (quoting *Chambers v. NASCO, Inc.*, 111 S. Ct. 2123, 2132 (1992)). This inherent power includes "broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial." *Id*. Although the Court's discretion to control discovery is broad, it is an abuse of this discretion to deny a motion to reopen discovery if "the movant diligently pursued previous discovery opportunities, and if the movant can show how allowing additional discovery would have precluded summary judgment." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1026 (9th Cir. 2006).

Under Rule 56(d), the Court may allow parties to conduct additional discovery before ruling on a motion for summary judgment if the movant "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its

2

opposition" to summary judgment. F. R. Civ. P. 56(d); *Matabolife Intern., Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001). Rule 56(d) "require[s], rather than merely permit[s]" further discovery "where the nonmoving party has not had the opportunity to discover information that is essential to its opposition." *Matabolife*, 264 F.3d at 846.

## ANALYSIS

Eagle Bear has brought new information to the Court's attention pursuant to Local Rule 7.4. (Doc. 91-1 through 91-4, Exhibits 1 through 4). Exhibits 1 through 4 represent email exchanges between BIA employees Tracy Tatsey, Bernadine Pease, and Jodi Wagner ("Documents") concerning the disposition of Eagle Bear's appeal from the Bureau of Indian Affairs' ("BIA") June 10, 2008 cancellation letter. (Doc. 91 at 2.) The Documents were not previously cited because BIA did not produce the Documents until March 31, 2023. (Doc. 42-2, 4:21-cv-00088-BMM). (Doc. 91 at 2.) The Blackfeet Nation requested the Documents in its August 5, 2022 subpoena and Eagle Bear requested them in its December 20, 2021 FOIA request and September 2022 discovery requests. The BIA produced the Documents on March 31, 2023, after the Court had ordered it to provide an explanation of its search protocols and after Eagle Bear identified inadequacies in the BIA's search. (Doc. 91 at 2-3.)

3

It is unclear why it has taken the BIA years to produce this information. It is clear, however, that the information may have a significant impact on this case. The emails represented in the newly produced Documents bear on the Parties' summary judgment briefing and statements of fact. Likewise, the information within the Documents would likely have been important to the depositions that Eagle Bear and the Blackfeet Nation conducted last fall. Eagle Bear undoubtedly would have used the email exchanges in the depositions of Tracey Tatsey, Mark Magee, and the Blackfeet Nation. Eagle Bear also would have taken the depositions of Bernadine Pease and Jodi Wagner if it had realized that they played a role in this case prior to production of the Documents. Eagle Bear has sufficiently established that these newly produced Documents may have likely led to the discovery of additional relevant information that Eagle Bear would have used in its summary judgment briefing. See F. R. Civ. P. 56(d); *Matabolife*, 264 F.3d at 846. In order to mitigate the effect of the BIA's belated disclosure of this information, the Court grants Eagle Bear's request for leave to conduct additional discovery related to the documents.

## ORDER

Accordingly, **IT IS ORDERED** that:

Eagle Bear's Motion (Doc. 92) is **GRANTED**.

The Court **GRANTS** Eagle Bear's request for leave to conduct additional

discovery related to the documents the BIA produced on March 31, 2023 ("Documents"), including but not limited to written discovery, continuing the deposition of Tracey Tatsey, and conducting a deposition of Bernadine Pease and Jodi Wagner.

The Court **GRANTS** Eagle Bear's request for leave to file supplemental briefing, statements of undisputed facts and statements of disputed fact related to Eagle Bear's Motion for Summary Judgment (Doc. 22) and the Blackfeet Nation's Motion for Summary Judgment. (Doc. 27.) Each party shall file supplemental briefing not to exceed 1,500 words for the sole purpose of addressing the impact of the documents on the pending motions for summary judgment. Each party may supplement its statements of undisputed facts and statements of disputed facts with citations to the documents.

The Parties shall complete additional discovery and file supplemental briefing with new statements of undisputed facts and statements of disputed fact no later than

June 2, 2023.

The Court **GRANTS** Eagle Bear's request to defer consideration of the pending Motions for Summary Judgment (Docs. 22, 24, 27 & 43) until the foregoing discovery and supplemental briefing has been completed.

Dated this 19th day of April, 2023.

_____
Brian Morris, Chief District Judge
United States District Court