# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| EAGLE BEAR, INC., | **CV-22-93-GF-BMM** |
| Plaintiff, | |
| vs. | **ORDER** |
| THE BLACKFEET INDIAN NATION, BUREAU OF INDIAN AFFAIRS, | |
| Defendants. | |

## INTRODUCTION

The Blackfeet Indian Nation, a federally recognized tribe, leased Indian trust land to a non-tribal member business, Eagle Bear, Inc., to allow a non-tribal member, Mr. William Brooke, to operate a campground near the boundary of Glacier National Park. The non-tribal member negotiated the lease with the U.S. Department of Interior Bureau of Indian Affairs ("BIA"), the federal agency tasked with overseeing commercial relations, such as this business lease, between federally recognized tribes and non-tribal members. Independence Bank, a federally licensed bank, provided a loan to the non-tribal member during the lease to cover the costs of improvements at the campground. These improvements included cabins, a lodge,

swimming pool, and accompanying water park. A dispute arose whether Eagle Bear had breached the terms of the lease following a series of late payments.

## PROCEDURAL BACKGROUND

Eagle Bear, Inc. ("Eagle Bear") and William Brooke ("Brooke") (collectively, "Plaintiffs") brought this action against the Blackfeet Tribal Court and the Blackfeet Indian Nation ("Blackfeet Nation"). Plaintiffs seek declaratory and injunctive relief to prevent the Blackfeet Tribal Court from exercising jurisdiction over their dispute with the Blackfeet Nation. *See Eagle Bear v. Blackfeet Indian Nation*, 4:21-cv-88-BMM, (Doc. 1.)

This dispute centers upon the lease agreement between Eagle Bear and the Blackfeet Nation. The Parties entered into that lease agreement on April 9, 1997. *Id.*, (Doc. 29-1.) The lease provided Eagle Bear 53.6 acres of tribal trust land to operate a KOA campground within the exterior boundaries of the Blackfeet Nation Indian Reservation for a period of 25 years. *Id.*, (Doc. 29-1 at 2.)

Eagle Bear sought to renew the lease in 2017. The Blackfeet Nation opposed Eagle Bear's efforts to renew the lease. The Blackfeet Nation discovered information during the lease renewal proceedings before the IBIA that caused it to believe that the BIA had cancelled the lease in 2008. *Id.*, (*see* Doc. 2-14 at 1.) The Blackfeet Nation, under the belief that the BIA had terminated the lease, filed suit against Eagle Bear in Blackfeet Tribal Court. *Id.*, (Doc. 2-2.) The Blackfeet Nation's complaint

2

sought the following relief: (1) illegal trespass seeking eviction; (2) accounting of Plaintiffs' rents and profits since June 10, 2008; (3) unauthorized use of Blackfeet Nation lands seeking illegally gained profits; (4) fraudulent misrepresentation seeking illegally gained profits; and (5) failure to follow the laws of the Blackfeet Nation seeking damages. *Id.*

Plaintiffs promptly brought this action. Plaintiffs sought a preliminary injunction to enjoin the Blackfeet Nation from pursuing its claims and to enjoin the Blackfeet Tribal Court from considering or resolving those claims. *Id.*, (Doc. 4.) The Court denied Eagle Bear's motion for a preliminary injunction. *Id.*, (Doc. 27.) The Court denied Eagle Bear's motion because the record before the Court required the determination that the lease agreement between Eagle Bear and the Blackfeet Nation had been cancelled. *Id.* The Court noted, however, that the record before it appeared incomplete and that the Parties were expected to continue developing the record before the Court would reach a final decision. *Id.*

The Blackfeet Nation filed a Motion to Dismiss on September 17, 2021. *Id.*, (Doc. 21.) The Court held a hearing on the motion on January 19, 2022. *Id.*, (Doc. 16.) The Court postponed ruling on the Blackfeet Nation's motion to ensure full development of the record. *Id.*, (s*ee* Doc. 47); (Doc. 53.) The Parties have continued to supplement and clarify the record.

Eagle Bear then sought a second preliminary injunction on May 6, 2022. *Id.*, (Doc. 50.) The Court scheduled a hearing on that motion for May 24, 2022. *Id.*, (Doc. 52.) Eagle Bear filed a chapter 11 bankruptcy petition in the U.S. Bankruptcy Court for the District of Montana ("Bankruptcy Court") the day before that hearing. *Id.*, (Doc. 55.) The Court vacated the preliminary injunction hearing at Eagle Bear's request. *Id.*, (Doc. 58.)

The Bankruptcy Court determined that the lease constituted part of Eagle Bear's bankruptcy estate because this Court had not conclusively ruled whether the lease had been cancelled in 2008. *In re Eagle Bear, Inc.*, 4:22-bk-40035-BPH (Bankr. D. Mont. May 31, 2022) (Doc. 30 at 4-7). The Bankruptcy Court applied the automatic stay provision set forth in 11 U.S.C § 362(a) to the lease. *Id.* The Bankruptcy Court also granted Independence Bank, one of Eagle Bear's mortgagees and an approved encumbrancer under the lease, intervenor status. *Id.*, (Doc. 42.)

The Blackfeet Nation moved to withdraw the reference to the Bankruptcy Court as it relates to the resolution of the 2008 lease cancellation. *Eagle Bear, Inc. et al v. Blackfeet Indian Nation et al*, 4:21-cv-88-BMM, (Doc. 72-2.) The Court granted removal and severed Claim 1 from the adversary proceeding. The Court opened the case of *Eagle Bear, Inc. v. Blackfeet Indian Nation*, 4:22-cv-93-BMM, on September 26, 2022. (Doc. 1.)

Independence Bank also moved to intervene in this case. (Doc. 11.) Independence Bank alleges that it stands as an "approved encumbrancer" with third-party beneficiary rights under the lease based upon Eagle Bear having granted Independence Bank a $500,000 mortgage of its leasehold interest in the lease. (Doc. 12 at 2.) The Court granted Independence Bank's Motion to Intervene on December 1, 2022. (Doc. 39.) Independence Bank filed its Intervenor Complaint the same day. (Doc. 40.) The Blackfeet Nation filed a Motion to Dismiss Independence Bank's Intervenor Complaint. (Doc. 58.)

Following the Bankruptcy Court's stay, the Blackfeet Tribal Court ruled on Eagle Bear's pending motion to dismiss on January 3, 2023. *In re Eagle Bear, Inc.,* 4:22-bk-40035-BPH (Doc. 155-1.) Eagle Bear then moved the Bankruptcy Court to void the Tribal Court order for violation of the stay and to sanction the Blackfeet Nation. *Id.*, (Doc. 155.) This motion remains pending before the Tribal Court.

Eagle Bear, the BIA, Blackfeet Nation, and Independence Bank each have filed motions for summary judgment. (Doc. 22); (Doc. 24); (Doc. 64); (Doc. 27); (Doc. 43.) The Court held a hearing on the motions on January 4, 2023. (Doc. 73.) The BIA moved to dismiss Intervenor Independence Bank's Complaint for lack of jurisdiction following the hearing. (Doc. 81.)

The Court ordered the Parties to attempt a second settlement conference in March of 2023. (Docs. 87, 88.) The mediation proved unsuccessful. (Doc. 89.)

5

Shortly after, Eagle Bear provided the Court notice of documents it recently obtained from the BIA on April 4, 2023. (Doc. 91.) The documents were not previously cited because BIA did not produce the Documents until March 31, 2023. (Doc. 42-2, 4:21-cv-00088-BMM). (*Id*. at 2.) Eagle Bear moved the Court for leave to conduct additional discovery based on the content of those documents, which represented an email correspondence between BIA staff regarding the Eagle Bear lease cancellation appeal and withdrawal. (Doc. 92, Doc. 93 at 7-10.) The BIA staff had not been previously deposed. (Doc. 93 at 4, 9, 12.) The Court granted Eagle Bear's motion and deferred ruling on the pending motions for summary judgment. (Doc. 98.) The Court ordered the Parties to complete additional discovery and file supplemental summary judgment briefing no later than June 2, 2023. (*Id*. at 5.)

Eagle Bear now moves the Court for additional time to complete supplemental discovery and briefing. (Doc. 99.) Blackfeet Nation opposes the motion. BIA and Independence Bank indicated that they do not oppose the motion. (Doc. 99 at 2, Doc. 101.) Blackfeet Nation filed its response, as well as a notice to the Court regarding further information that pertains to the relevance of the BIA emails that are currently pending disclosure. (Doc. 101.)

Eagle Bear's Motion has been fully briefed. The Court did not hold a hearing on the matter. Eagle Bear's Motion for Additional Time to Complete Supplemental

Discovery and Briefing (Doc. 99) is GRANTED, in part, and DENIED, in part, for the following reasons as outlined below.

## DISCUSSION

Eagle Bear contends that it requires additional time to schedule the relevant depositions ordered by the Court, *see* (Doc. 98), because it "became concerned that the BIA had still not adequately searched its records for all relevant and discoverable documents." (Doc. 100 at 2.) Eagle Bear asserts that, "[s]ince the Court's Order, the parties have been working to schedule the relevant depositions," but also raised its concerns with the BIA regarding "BIA's searches and its efforts to identify all documents responsive to Eagle Bear's discovery request." (*Id*. at 3.) Eagle Bear argues that it requires additional time to allow the BIA to produce additional documents before it can schedule the depositions to avoid asking the Court for further relief, or to incur the time and expense of repeating depositions if more relevant documents are belatedly produced. (*Id*. at 6.)

The Blackfeet Nation requests that the Court deny Eagle Bear's Motion. (Doc. 101.) The Nation asserts that Eagle Bear's request is unnecessary and causes prejudicial delay. (*Id*. at 1.) The extension of time is unnecessary, according to the Nation, because Eagle Bear's proffered reasons to extend the June 2 deadline falls outside the scope of the Court's April 19, 2023 Order, *see* (Doc. 98). (*Id*. at 2.)

This Court is vested with "inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of ceases." *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992). This inherent power includes broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial. *Id*. It is an abuse of discretion for the Court to deny a motion to reopen discovery if the movant diligently pursued previous discovery opportunities, and if the movant can show how allowing additional discovery would have precluded summary judgment. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1026 (9th Cir. 2006).

This Court granted Eagle Bear's request for leave to conduct additional discovery related to the documents the BIA produced on March 31, 2023 in its April 19, 2023 Order. (Doc. 98 at 5.) The Court did not grant leave for continuation of a very broad search of government emails, without limitation as to time and scope. The Court specifically ordered that Eagle Bear may "conduct additional discovery related to the documents the BIA produced on March 31, 2023 [], including but not limited to written discovery, continuing the deposition of Tracey Tatsey, and conducting a deposition of Bernadine Pease and Jodi Wagner." (Doc. 98 at 4-5.) Eagle Bear, as the movant, diligently pursued previous discovery opportunities, and has previously demonstrated that additional discovery may have precluded summary

judgment. *See Cornwell*, 439 F.3d at 1026. At this juncture, however, Eagle Bear fails to demonstrate that the "approximately 1,100 emails from 2012 to 2020" that the BIA has identified but has yet to produce, *see* (Doc. 103-1), are relevant to its summary judgment motion and within the scope of the Court's previous discovery order.

The Court recognizes Eagle Bear's and the Blackfeet Nation's challenges to timely receive documents from the BIA throughout repeated discovery requests. The Court acknowledges the past inadequacies in the BIA's search protocols and the burdens born by all Parties as a result of the BIA's repeated delays to disclose BIA staff emails. If BIA's delay is caused by the substantial amount of privilege identified in the emails, then the agency can file a privilege log or request that the Court conduct an *in camera* review of previleged information and BIA work product.

A complete record from the BIA must be balanced against the prejudicial effect of reopening discovery beyond the relevant scope of the Parties' dispute centered on the 2008 Campground Lease cancellation and appeal so that the Court may issue a ruling on the merits in this case.

**ORDER**

Accordingly, **IT IS ORDERED** that:

Eagle Bear's Motion for Additional Time to Complete Supplemental Discovery and Briefing (Doc. 99) is GRANTED, in part, and DENIED, in part.

The Court expects BIA to comply with the Court's previous Order (Doc. 98) and to provide all emails reasonably related to the events surrounding the 2008 Lease cancellation and its appeal to the IBIA.

Eagle Bear will notice the depositions for BIA employees Tracy Tatsey, Bernadine Pease, and Jodi Wagner without further delay.

Parties have three additional weeks to complete additional discovery and supplemental briefing. The Parties shall complete additional discovery and file supplemental briefing with new statements of undisputed facts and statements of disputed facts according to the previous Order (Doc. 98) no later than June 23, 2023.

The Court will defer consideration of the pending Motions for Summary Judgment (Docs. 22, 24, 27 & 43) until the foregoing discovery and supplemental briefing has been completed.

Dated this 19th day of May, 2023.

Brian Morris, Chief District Judge
United States District Court

10