Derek E. Kline
Attorney at Law
P.O. Box 1577
Center Harbor, NH 03226
Phone: (603) 707-1721
Email: derekekline@gmail.com
*Attorney for Defendant Blackfeet Indian Nation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| EAGLE BEAR, INC.<br><br>        Plaintiff,<br>  v.<br><br>THE BLACKFEET INDIAN NATION,<br>BUREAU OF INDIAN AFFAIRS<br><br>        Defendants. | Cause No. 4:22-cv-00093-BMM<br><br><br>**BLACKFEET NATION'S<br>SUPPLEMENTAL BRIEF**<br><br>**Re: Order dated October 4, 2023<br>(Doc. 117)** |

Pursuant to this Court's Order dated October 4, 2023, the Blackfeet Nation

submits its supplemental brief on the following issue:

> Whether, applying the Code of Federal Regulations as of January 5,
> 2009, the withdrawal of a timely-filed appeal to a BIA area director of
> a BIA decision to cancel a lease with a federally recognized tribal
> nation either:
>
> 1) retroactively voids the operation of the timely filing of a notice of
> appeal to cause the underlying cancellation to "remain ineffective" per
> 25 C.F.R. § 162.621, or
>
> 2) causes the underlying decision appealed from to become effective.

As the following brief demonstrates, the latter is the operative outcome.

**INTRODUCTION**

When a tenant of Indian Nation land withdraws an appeal of a Bureau of Indian Affairs (BIA) lease cancellation decision, the operation of law of 25 C.F.R. § 162.621 causes the underlying lease cancellation decision to become effective and binding, as if no appeal has ever been filed. Federal regulation 25 C.F.R. § 162.621 operates to stay a lease cancellation decision while an appeal is **pending**. However, if the appeal of a lease cancellation is **not pending** because the appeal is withdrawn, 25 C.F.R. § 162.621 will operate to lift the stay on the underlying cancellation decision and it becomes immediately effective. This is especially true when interpreting the applicable regulation in conjunction with the overall statutory and regulatory scheme governing leasing of Indian Nation land, and not giving force to one phrase in isolation.

Under the principles of regulatory interpretation, when applying the Code of Federal Regulations as of January 5, 2009, the underlying lease cancellation decision will not "remain ineffective" after a timely-filed appeal is withdrawn. That would be contrary to Congressional intent to protect Native American interests under the Indian Long-term Leasing Act (25 U.S.C. § 415) and its promulgating regulations – 25 C.F.R. § 162 *et seq.* The Congressional purpose of Section 415 is to protect Indian tribes and their members. Thus, for an appeal withdrawal to cause an underlying lease cancellation decision to "remain

ineffective" under 25 C.F.R. § 162.621, -- in other words, to allow a non-Indian to remain on Indian land after breaching a lease and failing to cure default, resulting in lease cancellation -- would be contrary to the legislative intent of Section 415.

When a tenant withdraws a timely-filed appeal to a BIA area director of a BIA decision to cancel a lease with a federally recognized Indian Nation, the appeal ceases in existence and is rendered moot, thereby ceasing to have any operative effect. Importantly, 25 C.F.R. § 162.621 expressly provides what happens when an appeal is not pending: "the cancellation decision will be effective." That is what happened here, and conclusively establishes Eagle Bear does not have a Lease.

## DISCUSSION

I. **Applying the principals of regulatory interpretation to 25 C.F.R. § 162.621, withdrawing a timely-filed appeal of a BIA lease cancellation decision is the equivalent of lifting a stay on the cancellation decision – the underlying BIA lease cancellation decision becomes effective.**

When seeking to apply regulations, the first task is to "determine whether the regulation is ambiguous." *Bassiri v. Xerox Corp.*, 463 F.3d 927, 931 (9th Cir. 2006). This requires the Court to "interpret the regulation as a whole, in light of the overall statutory and regulatory scheme, and not ... give force to one phrase in isolation." *Campesinos Unidos, Inc. v. U.S. Dep't of Labor*, 803 F.2d 1063, 1069 (9th Cir. 1986). The Court must "read the regulations in harmony" and

3

"where possible," the regulations "should be read so as not to create a conflict."
*Karczewski v. DCH Mission Valley LLC*, 862 F.3d 1006, 1016 (9th Cir. 2017).
This holistic approach means that even when a seemingly straightforward
regulation "viewed in isolation" might appear to dictate a certain result, the Court
must consider whether that reading makes sense in the larger regulatory
context. *See, e.g.*, *Ctr. for Biological Diversity v. Salazar*, 706 F.3d 1085, 1092
(9th Cir. 2013) (rejecting reading of single regulation that was contrary to "obvious
import" of larger regulatory scheme). Thus, the ordinary principles of statutory
construction apply to interpretation of administrative agency regulations.
*Solano Garbage Co. v. Cheney,* 779 F.Supp. 477, 487 (E.D.Cal.1991).

Here, looking at the applicable regulation as a whole, and not giving force to
one phrase in isolation, 25 C.F.R. § 162.621 operates as a temporary stay of an
underlying lease cancellation decision when a notice of appeal is timely filed
"unless the decision is made immediately effective under part 2." *See* 25 C.F.R. §
162.621. Because a cancellation decision could be "made immediately effective"
under 25 C.F.R. § 162.621 regardless of whether an appeal is timely filed, the
intent of 25 C.F.R. § 162.621 is to provide temporary relief: the operation of the
lease cancellation decision is stayed while an appeal is pending.

But when an otherwise timely-filed appeal is withdrawn, there is no appeal
pending. Withdrawal of an appeal immediately resolves any issue in controversy,

similar to the withdrawal of an objection. When there is no appeal pending, the operation of 25 C.F.R. § 162.621 dictates there is no temporary stay in place. Thus, upon withdrawal, the underlying lease cancellation decision becomes immediately effective, as if no appeal was ever filed.

If a lease cancellation decision were to "remain ineffective" under 25 C.F.R. § 162.621 even after a tenant of Indian Nation land appeals the cancellation and then withdraws it, the Congressional objective to protect Native American interests under the Indian Long-term Leasing Act (25 U.S.C. § 415) would be eviscerated. Such erroneous interpretation of 25 C.F.R. § 162.621 would be reading the first part of the second sentence of that regulation in isolation and completely ignores the larger regulatory context of 25 C.F.R. § 162 *et seq.*, the intent of which is to protect the Indian landowner.

It makes no practical or legal sense if a BIA lease cancellation decision were rendered ineffective simply because an appeal of such a decision was later withdrawn. Unscrupulous, dishonest, and predatory companies could easily take advantage of Indian Nations and Indian People if they could appeal a cancellation decision and then withdraw it, causing the underlying cancellation decision "remain ineffective" under 25 C.F.R. § 162.621. Such an outcome would allow such companies to effectively obtain the relief they seek on appeal without actually carrying out the appeal: to invalidate the decision to cancel the lease. That

outcome is directly contrary to the legislative intent of 25 U.S.C. § 415 to "protect the Indian landowner not non-tribal lessees." *Hollywood Mobile Estates v. Seminole Tribe,* 641 F.3d 1259, 1269 (11th Cir. 2011).

Looking strictly at the operational effect of an 'appeal withdrawal,' a review of how other authorities interpret such an action provides guidance. Under 8 C.F.R. § 1003.4, when an appeal of the Board of Immigration Appeals is withdrawn, the decision of an immigration judgment becomes immediately final and binding as if no appeal had ever been filed, and the appellant is then subject to the immigration judge's original decision. *See* 8 C.F.R. § 1003.4. The Ninth Circuit has interpreted appeal withdrawals to be voluntary dismissals of the underlying appeal. *See, e.g., Harris v. Silva,* 2022 WL 17176386; *1 (9th Cir.2022); *Luxeyard Inc. v. Kay Holdings, Inc.,* 2016 WL 10403509 *1 (9th Cir.2016); *Winter Wildlands Alliance v. United States Forest Service* 2015 WL 13963290 *1 (9th Cir.2015). Here, 25 C.F.R. § 162.621 operates similarly: when an appeal is withdrawn it is effectively voluntarily dismissed and the underlying decision becomes final and binding as if no appeal had ever been filed.

     **II.**    **Because Congress intended 25 U.S.C. § 415 – the Indian Long-Term Leasing Act – to protect only Native American interests, when applying its promulgating regulations of 25 C.F.R. § 162 *et seq.* in effect as of January 5, 2009, to an appeal withdrawal of a BIA lease cancellation decision, an appeal withdrawal effectuates the underlying cancellation decision.**

As this Court previously set forth:

> An Indian tribe possesses the authority to lease its own land. 25 U.S.C. § 415. The Secretary of the Interior, as a procedural matter, grants and terminates leases involving tribal land. Yavapai-Prescott Indian Tribe v. Watt, 707 F.2d 1072, 1073 (9th Cir.1983). The federal regulations applicable to tribal leases seek to "promote tribal control and self-determination over tribal land." 25 C.F.R. § 162.021(b). The BIA also aims to ensure that the use of tribal land comports with the Indian landowner's wishes and tribal law. 25 C.F.R. § 162.021(d).

*Takeda Pharm., et al. v. Connelly*, 2015 WL 10985374, *3 (D. Mont. 2015).

Measured against this standard, withdrawing an appeal could not operate to cause the underlying cancellation decision to "remain ineffective" under 25 C.F.R. § 162.621. Such an interpretation would suppress tribal control and self-determination over tribal land and would be contrary to the legislative purpose of Section 415. *See, e.g., Hollywood Mobile Estates,* 641 F.3d at 1269.

In determining the meaning of a regulation, the court examines the language of the regulation, the legislative history, and the practical consequences of any suggested interpretation. *United States v. Christensen,* 419 F.2d 1401, 1403–04 (9th Cir.1969). All ambiguities should be resolved in favor of an interpretation consistent with the statutory and regulatory scheme. *See United Telecommunications, Inc. v. Comm'r of Internal Revenue,* 589 F.2d 1383, 1390 (10th Cir.1978), *cert. denied,* 442 U.S. 917 (1979)

Here, considering the legislative intent of Section 415, and the practical and reasonable consequences of withdrawing an appeal, the meaning of 25 C.F.R. §

162.621 clearly requires one result: once an appeal is withdrawn the underlying cancellation decision becomes immediately effective. Any other interpretation would allow unmitigated abuse of Indian landowners and afford unscrupulous and predatory companies to remain on Indian land without a valid lease. That was not Congress's intent when it enacted the Indian Long-Term Leasing Act and would be contrary to the requirements of established law governing leasing Trust land.

III. **A ruling by the BIA Regional Area office is the only action that could cause the underlying cancellation decision to "remain ineffective" as any other interpretation of the federal regulations would create conflict with the Area Director's authority.**

Lease cancellation is not tentative or interlocutory in nature. If filing an appeal of a cancellation decision and withdrawing it would render the underlying decision ineffective under 25 C.F.R. § 162.621, that regulation would conflict with BIA's decision-making process and the Area Director's authority under 25 C.F.R § 2.4. Indeed, when BIA makes a determination of a tenant's rights by cancelling a lease, legal consequences flow from that determination. A tenant must successfully appeal the lease cancellation decision, or the underlying lease has ended, and the tenant no longer has a right to occupy Indian Nation land. 25 C.F.R. §§ 2.4, 2.6(b), 2.9, 2.10. If a tenant could simply withdraw an appeal of a cancellation decision so the underlying cancellation "remains ineffective" a conflict would arise, not only with the Area Director's authority under 25 C.F.R. § 2.4, but with the entire regulatory framework of Indian leasing law. It would also

have significant practical consequences: unwanted occupation of Indian land against Indian landowners' wishes.

**IV. Under the federal regulations in effect as of January 5, 2009, when a timely filed appeal of a lease cancellation decision is withdrawn, the appeal becomes moot and is no longer pending, and the underlying cancellation decision becomes effective.**

Under general mootness principles, an appeal becomes moot when events occur which prevent the court from fashioning effective relief. *See, e.g., Algeran, Inc. v. Advance Ross Corp.,* 759 F.2d 1421, 1424 (9th Cir.1985). Effective relief is impossible if there is no appeal pending because it is impossible and inequitable for the authorizing official, e.g., BIA Area Director, to consider the merits of an appeal when there is no longer an actual or active controversy. That is what happens when an appeal is withdrawn: there is no appeal. Indeed, when an appeal is withdrawn, the Area Director is deprived of his ability to redress the underlying cancellation decision because there is nothing to act on. There is only one reasonable interpretation of the issue presented in this brief: when an appeal of a lease cancellation is withdrawn, it is no longer a pending controversy and is thus moot. In the absence of an active controversy regarding the cancellation, the underlying cancellation decision becomes immediately effective and no action from the Regional Director is required to provide such effect. Any other conclusion is not only illogical but would result in the needless expenditure of administrative resources and time.

A cancelled lease cannot be reinstated merely by withdrawing an appeal of the cancellation. Such lease reinstatement requires a written decision from the BIA and it must afford the parties the right to appeal that decision. *See* 25 C.F.R. §§ 2.4 2.7, 2.9. Simply, once a timely-filed appeal is withdrawn, the appeal is moot, causing the underlying cancellation decision to immediately take effect.

## CONCLUSION

For the foregoing reasons, the Court should issue an order holding that when a tenant of Indian Nation land withdraws an appeal of a BIA lease cancellation decision, the operation of 25 C.F.R. § 162.621 causes the underlying lease cancellation decision to become immediately effective, as if no appeal has ever been filed. Again, the requirements of law and public policy support this holding. Any other interpretation would (1) suppress Indian Nation control and self-determination over Indian Nation land, (2) create conflict with the Area Director's authority and regulatory framework governing leasing Indian land, (3) be contrary to Congress's intent to protect Native American interests under the Indian Long-term Leasing Act (25 U.S.C. § 415).

DATED this 12th day of October, 2023.

Respectfully Submitted,

_____/s/_Derek E. Kline_____

Attorney for Defendant
Blackfeet Nation

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(d)(2), I hereby certify that this brief is printed with proportionately spaced Times New Roman text typeface of 14 point; is double-spaced; and is not more than 10 pages, excluding the Certificate of Compliance and Certificate of Service.

/s/ Derek E. Kline

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify under the penalty of perjury that on the 12th day of October, 2023, a copy of the foregoing was served by electronic means to the parties noted in the Court's ECF transmission facilities.

/s/ Derek E. Kline