# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| EAGLE BEAR, INC., <br><br> Plaintiff, <br><br> vs. <br><br> INDEPENDENCE BANK, <br><br> Intervenor Plaintiff, <br><br> vs. <br><br> THE BLACKFEET INDIAN NATION, and DARRYL LaCOUNTE, DIRECTOR OF THE BUREAU OF INDIAN AFFAIRS, <br><br> Defendants. | CV-22-93-GF-BMM <br><br> ORDER |

This Court entered an order finding that a campground lease held by Plaintiff Eagle Bear, Inc. ("Eagle Bear") had been cancelled in 2008 and granting summary judgment to Defendant the Blackfeet Indian Nation ("Blackfeet Nation").

(Doc. 136). Eagle Bear appealed the order to the United States Court of Appeals for the Ninth Circuit. *See* (Doc. 138.)

Eagle Bear filed a motion asking this Court to stay execution of the order pending appeal pursuant Fed. R. Civ. P. 62. (Doc. 139.) Neither Intervenor Plaintiff Independence nor Defendant Darryl LaCounte, Director of the Bureau of Indian Affairs, oppose Eagle Bear's motion. (*Id.*) Blackfeet Nation opposes the motion. (*Id.*) The Court will grant Eagle Bear's motions and require Eagle Bear to post a surety bond in the amount of $1,000,000. The stay will remain in place pending appeal.

A court may, at its discretion, issue a stay pending appeal. *See Nken v. Holder*, 556 U.S. 418, 433 (2009). Courts consider the following four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id*. at 426.

Eagle Bear has presented a "substantial case for relief on the merits" and satisfies the first *Nken* factor. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam). The Court's order granting summary judgment resolved questions of regulatory interpretation without the benefit of extensive appellate- or district court-level precedent as a guide. *See* (Doc. 136.) The Court recognizes that

it remains plausible, although unlikely, that a reviewing court could construe relevant regulatory language in line with Eagle Bear's proposed construction.

The second *Nken* factor also favors Eagle Bear. Eagle Bear remains subject to bankruptcy proceedings. *See In re Eagle Bear, Inc.*, 4:22-bk-40035-BPH. The effect of the order, if not stayed, may be "fundamental business changes [to Eagle Bear] that . . . cannot be easily undone should [Eagle Bear] prevail on appeal." *Fed. Trade Comm'n v. Qualcomm Inc.*, 935 F.3d 752, 756 (9th Cir. 2019).

The third and fourth *Nken* factors favor Blackfeet Nation. A continuing trespass on Blackfeet Nation trust land both substantially injures Blackfeet Nation by depriving it of its interest in the land and by depriving it of the potential revenue available from operating the campground. *See* (Doc. 142 at 30-32.) Additionally, both the vindication of Indian property rights guaranteed by United States trust and treaty obligations and any increase in tribal governmental capacity benefitting the people of the Blackfeet Nation strongly support the public interest. (*Id.*)

The first two Nken factors "are the most critical" and guide the Court's decision. *Leiva-Perez* at 964 (quoting *Nken* at 434). The Court notes that, should Blackfeet Nation succeed on appeal, legal and equitable remedies likely exist should Blackfeet Nation seek to recoup any damages suffered from Eagle Bear's operation of the campground during the pendency of the appeal. In light of the third and fourth *Nken* factors, the Court orders Eagle Bear to post a surety bond in

the amount of $1,000,000 from which such potential recovery may be made. *See* Fed. R. Civ. P. 8(a) and 65(c).

Accordingly,

**IT IS ORDERED** that

1. Eagle Bear's Motion for Stay Pending Appeal is **GRANTED**.

2. Eagle Bear must post a surety bond in the amount of $1,000,000. Eagle Bear must file proof that it has posted such a bond with this Court on or before the thirtieth day from entry of this order.

**DATED** this 9th day of January, 2024.

_____
Brian Morris, Chief District Judge
United States District Court