**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| EAGLE BEAR, INC.,<br><br>                 Plaintiff,<br><br>   vs.<br><br>INDEPENDENCE BANK,<br><br>                 Intervenor Plaintiff,<br><br>   vs.<br><br>THE BLACKFEET INDIAN NATION, and<br>DARRYL LaCOUNTE, DIRECTOR OF<br>THE BUREAU OF INDIAN AFFAIRS,<br><br>                 Defendants. | **CV-22-93-GF-BMM**<br><br><br>**ORDER** |

Eagle Bear's appeal of the Court's Order (Doc. 136) remains pending. The Court ordered Plaintiff Eagle Bear, Inc., ("Eagle Bear") to post two $431,000 supersedeas bonds. (Doc. 148 at 6.) Eagle Bear now moves for the Court to allow it to deposit $431,000 in cash in the Court's registry in lieu of its obligation to file proof that it has posted a $431,000 supersedeas bond on or before Monday, March 11, 2024. (Doc. 149.) The Court held a hearing on the motion on March 1, 2024. (Doc. 154.)

Eagle Bear presented uncontradicted evidence at the hearing that it could identify no potential party willing to issue any surety bond to Eagle Bear in the amounts ordered except according to terms requiring the following: the deposit of the full cash amount of each bond with the surety as collateral; the payment of premium expenses or costs of at least 1% of the amount of each bond; and no accrual of interest on the deposited funds. *See* (Doc. 155.) Eagle Bear's uncontradicted evidence showed that the cost of the bonds themselves would exceed $8,600 each year. *See* (Doc. 155-1.) The deposited collateral for the bonds also would accrue no interest. *See* (Doc. 155.) Money deposited in the Court's registry would accrue interest potentially available to Blackfeet Nation if it succeeds on appeal. *See* Standing Order DLC-28. Surety bond costs ultimately would reduce Eagle Bear's assets available to its bankruptcy creditors.

Blackfeet Nation opposes Eagle Bear's motion because the Blackfeet Nation intends to seek payment from the $862,000 fund according to a potential future judgment in a tribal court forum. Funds deposited in the registry of the Court "are *in custodia legis* [and, a]s such, the [C]ourt's control over the funds is virtually supreme." *United States v. Rubenstein*, 971 F.2d 288, 294 (9th Cir. 1992). The Court's Order (Doc. 136) recognized the following:

> This Court lacks authority to impose a restitution obligation on the Blackfeet Nation or the BIA to make Eagle Bear whole for the improvements that it constructed. It remains the province of the Blackfeet Tribal Court to decide any resulting monetary damages. The

2

> Court expects that the Blackfeet Tribal Court would consider those potential damages in resolving the Blackfeet Nation's claim against Eagle Bear in Tribal Court. Moreover, the Bankruptcy Court can consider these matters as part of its adjudication of the proof of claims submitted by the Blackfeet Nation.

(Doc. 136 at 64). The Court further noted that "should Blackfeet Nation succeed on appeal, legal and equitable remedies likely exist should Blackfeet Nation seek to recoup any damages suffered from Eagle Bear's operation of the campground during the pendency of the appeal." (Doc. 143 at 3.) The Court declines to determine at this time the proper forum for the adjudication of any potential claim that may bear upon Blackfeet Nation's rights to any portion of the $862,000 fund should Blackfeet Nation succeed on appeal.

The cost to Eagle Bear and its creditors of Eagle Bear depositing cash in the Court's registry proves less than the cost of posting a surety bond issued by a third party. The deposit of funds into the Court's registry further avoids the unnecessary involvement of a third-party surety and potential attendant complication in the eventual disbursement of the funds. Funds deposited in the Court's registry will remain available, in light of principles of comity and related doctrines and pursuant a later exercise of the authority of the Court, to satisfy a potential judgment of a separate sovereign.

**IT IS ORDERED** that

1.  Eagle Bear's Motion (Doc. 149) is **GRANTED**.

2.  The Court **REVISES** its previous Order (Doc. 148). Whereas the Court

previously ordered that Eagle Bear must post supersedeas bonds in the

amount of $862,000 the Court now orders that

> Eagle Bear must deposit cash in the amount of $862,000, in lieu of
> any supersedeas bond, in the Court's registry according to the
> following schedule:
> - Eagle Bear must deposit the first $431,000 in the Court's
>   registry on or before Monday, March 11, 2024.
> - Eagle Bear must deposit the second $431,000 in the Court's
>   registry on or before Thursday, July 11, 2024.

> Eagle Bear shall deposit the funds (totaling $862,000) in the
> Court's registry in compliance with all Local Rules. Eagle Bear's
> failure to comply with the Court's Order could result in the
> imposition of sanctions.

3.  Funds deposited in the Court's registry pursuant this Order shall be

placed in an interest-bearing account through the Court Registry

Investment System.

4.  The Court will consider modifications to the requirements in this matter

depending upon the timeline for resolution of Eagle Bear's appeal.

**DATED** this 1st day of March, 2024.

_____
Brian Morris, Chief District Judge
United States District Court

4